■ State Farm Mutual Automobile Insurance Company, Appellant, v Andor Pfeiffer, Respondent. — In an action to declare that the defendant is not entitled to receive "no fault" benefits, plaintiff appeals from (1) so much of an order of the Supreme Court, Nassau County (Murphy, J.), entered October 8, 1982 as awarded defendant $11,313.44 in interest on his claim for the period commencing 30 days from July 13, 1979 to November 21, 1981, and (2) so much of a judgment of the same court entered December 28, 1982, as awarded said interest. Appeal from the order dismissed, without costs or disbursements (see *Matter of Aho*, 39 NY2d 241, 248). Judgment reversed, insofar as appealed from, order vacated accordingly and matter remitted to the Supreme Court, Nassau County, for (1) a factual determination as to the date defendant submitted his claim to arbitration, and (2) entry of an appropriate amended judgment to include the proper interest to be awarded defendant for the period ending November 21, 1981. On the basis of the present record, it is impossible to determine the correct amount of interest to which defendant is entitled for the period ending November 21, 1981. The record indicates that defendant submitted his proof of claim on July 13, 1979 and it was denied in writing by plaintiff on September 3, 1980. Although defendant attempts on appeal to dispute the accuracy or validity of these dates, we accept them as binding on the parties. There is no evidence in the record, however, indicating the date on which defendant filed his claim in arbitration. According to subdivision 1 of section 675 of the Insurance Law the defendant is entitled to interest at the rate of 2% per month for the period commencing 30 days from the date on which his proof of claim was submitted. Interest is to be stayed, however, if it is determined that the defendant did not submit his claim to arbitration within 30 days after receipt of a denial of his claim (11 NYCRR 65.15 [g] [3]). Interest will begin to accrue again on the date the disputed claim was submitted to arbitration (11 NYCRR 65.15 [g] [3]). Consequently, defendant is entitled to interest for two periods, first for the period commencing 30 days from July 13, 1979 to September 3, 1980. And secondly, assuming defendant did not submit his claim to arbitration within 30 days of September 3, 1980, interest is due for the period beginning on the date on which defendant submitted his claim to arbitration to November 21, 1981. Damiani, J. P., Mangano, Gibbons and Gulotta, JJ., concur.